**Donald MAUSHUND,**
**Plaintiff-Appellant,**

v.

**EARL C. SMITH, INC.,**
**Defendant-Appellee.**

No. 85–1648.

United States Court of Appeals,
Sixth Circuit.

Argued April 28, 1986.

Decided July 21, 1986.

Anthony F. Houle, argued, John C. McColl, McIntosh, McColl, Allen, Carson, McNamee & Strickler, Port Huron, Mich., for plaintiff-appellant.

Terence K. Jolly, argued, Matheson, Bieneman, Parr, Schuler & Ewald, Bloomfield Hills, Mich., for defendant-appellee.

Before ENGEL, KENNEDY and MILBURN, Circuit Judges.

PER CURIAM.

This action was originally commenced by plaintiff Donald Maushund in Michigan's state courts. Maushund claimed that his discharge as a part-time truck driver employed by defendant Earl C. Smith, Inc., breached an oral contract which he alleged to have with that company not to discharge him without cause. In this respect, Maushund claimed rights and sought damages in reliance upon *Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980). Because the complaint also alleged the existence of a collective bargaining agreement between the employer and the Teamsters Union, of which plaintiff was a member, the company removed the action to the United States District Court for the Eastern District of Mich-

igan, asserting that the case was governed by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that, therefore, jurisdiction over the action was vested in the federal court.

Having removed the case, the employer then moved for summary judgment, urging that the suit was time-barred because not commenced within the six-month period of limitations for such actions. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Smith v. General Motors*, 747 F.2d 372 (6th Cir.1984); *Shapiro v. Cook United, Inc.*, 762 F.2d 49 (6th Cir.1985). The employer also moved for summary judgment on the state claim upon the basis that the National Labor Relations Act totally preempted state law and that the *Toussaint* rationale was therefore inapplicable in the context of a collective bargaining agreement governed by federal law. United States District Judge James Harvey agreed and granted summary judgment on both grounds.

Maushund appeals, but on the sole basis that his oral contract rights under *Toussaint* are not preempted by federal law. He does not contest the district court's holding that his section 301 claim is time-barred.

While generally acknowledging that national labor policy extinguishes an individual employee's power to negotiate his own agreement with his employer and while acknowledging that he was a member of Local 339 of the Teamsters, with whom the employer had a collective bargaining agreement, Maushund stresses his unique status as a casually employed driver who had not succeeded in working sufficient days on a regular basis to entitle him to the normal privileges of seniority which were guaranteed to those truck drivers whose employment was regular and not casual. As a casual employee, Maushund contends, his rights were severely curtailed under the collective bargaining agreement. Maushund acknowledges that he had never sought to avail himself of the grievance procedure which the company and the union had set up, and he infers at least that such would be futile in his case. He therefore asserts that his employment status is outside the coverage and protection of the collective bargaining agreement and that, accordingly, his rights under state law are not preempted.

It is undisputed that a collective bargaining agreement is in existence between the employer here and the Teamsters, that it covers employees and truck drivers such as Maushund, and that Maushund is a member of Local 339 of the Teamsters. Under such circumstances we conclude, as did the district judge, that it is beyond question that Maushund must look to federal labor law for any relief and that his sole remedy, if any, lies not in state law but in the terms of the collective bargaining agreement. *NLRB v. Allis-Chalmers Mfg.*, 388 U.S. 175, 180, 87 S.Ct. 2001, 2006, 18 L.Ed.2d 1123 (1967);[1] *see also Fifield v. U.A.W.*, 570 F.Supp. 562, 565–66 (W.D.Mich.1983). The collective bargaining process prohibits Maushund from engaging in separate negotiations with the company and precludes any actions to enforce such an agreement. *See Emporium Capwell v. Western Add.*

---

1. National labor policy has been built on the premise that by pooling their economic strength and acting through a labor organization freely chosen by the majority, the employees of an appropriate unit have the most effective means of bargaining for improvements in wages, hours, and working conditions. The policy therefore extinguishes the individual employee's power to order his own relations with his employer and creates a power vested in the chosen representative to act in the interests of all employees. "Congress has seen fit to clothe the bargaining representative with powers comparable to those possessed by a legislative body both to create and restrict the rights of those whom it represents...." *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 202, 65 S.Ct. 226, 231, 89 L.Ed. 173. Thus only the union may contract the employee's terms and conditions of employment, and provisions for processing his grievances; the union may even bargain away his right to strike during the contract term, and his right to refuse to cross a lawful picket line. The employee may disagree with many of the union decisions but is bound by them. 388 U.S. at 180, 87 S.Ct. at 2006 (footnotes omitted).

*Comm. Org.*, 420 U.S. 50, 95 S.Ct. 977, 43 L.Ed.2d 12 (1975). Maushund's reliance upon *Belknap v. Hale,* 463 U.S. 491, 103 S.Ct. 3172, 77 L.Ed.2d 798 (1983), is misplaced. While *Belknap* held that an employer's obligations under a collective bargaining agreement did not insulate it from a state's "normal rules of law" governing its relationships with third parties, Maushund here clearly was not such a third party.

In short, Judge Harvey here correctly held, as did Judge Gibson in *Fifield,* that the *Toussaint* line of cases in Michigan has no application to employment relationships which are subject to a collective bargaining agreement.

AFFIRMED.