Reuben J. BARTON, et al., Plaintiffs,

v.

The CREASEY COMPANY OF CLARKSBURG, a West Virginia Corp., and Fox Grocery Co., a West Virginia Corp., Defendants.

Civ. A. No. 87–0075–C.

United States District Court, N.D. West Virginia.

Aug. 25, 1989.

Michael John Aloi, Fairmont, W.Va., for plaintiffs.

Fred F. Holroyd, Charleston, W.Va., for defendants.

## ORDER

MAXWELL, Chief Judge.

Originally instituted in the Circuit Court of Harrison County, West Virginia, this action was removed by the defendants on July 1, 1987, on the basis of federal question jurisdiction. Pending before the Court are defendants' Motion to Dismiss, filed October 7, 1987, and plaintiffs' Motion for Remand, filed on October 22, 1987. It is clear in reviewing the arguments of counsel that the Court must primarily determine whether this action is preempted by § 301 of the Labor Management Relations Act (LMRA) or whether plaintiffs have presented a state law claim independent of a collective bargaining agreement for § 301 preemption purposes. After careful consideration of the matters presented by the parties and the applicable law, the Court concludes that the claims are preempted by § 301 of the LMRA.

Plaintiffs are former employees of defendant Creasey Company which on or about July 8, 1985, merged with defendant Fox Grocery. Shortly thereafter, the Creasey Company warehouse was closed and plaintiffs were terminated. Plaintiffs allege that they are uncertain whether their employer was defendant Creasey Company or defendant Fox Grocery as of the date of their termination. Plaintiffs allege and defendants admit that pursuant to the terms of a Collective Bargaining Agreement entered into on November 24, 1983, by defendant Creasey Company and Teamster Local Union No. 789, on behalf of and as the authorized bargaining representative of the plaintiff employees, Creasey Company was required to provide certain wages and fringe benefits to its employees. Plaintiffs further allege and defendants admit that each of the individual plaintiffs worked in excess of one hundred twenty days in the year of 1985 to entitle them to full vacation pay. However, plaintiffs allege that since July 19, 1985, defendants have failed and refused to provide fringe benefits for vacation pay as provided by the Collective Bargaining Agreement in violation of the West Virginia Wage Payment and Collection Act. Defendants deny this allegation.

In addition to unpaid vacation benefits, plaintiffs allege that the defendants have created an implied contract to pay severance pay to all employees because defendants paid severance pay to all of its management employees upon their termination and have paid certain employees severance pay for time worked as union employees.

Defendants' motion to dismiss contends that the plaintiffs have not brought a complaint pursuant to the West Virginia Wage Payment and Collection Act, but are in actuality claiming a breach of the Collective Bargaining Agreement which triggers

the preemptive force of § 301 of the LMRA. Defendants further contend that under the Collective Bargaining Agreement plaintiffs had an affirmative obligation to submit their claims to arbitration, which they failed to do. Moreover, defendants contend that in this instance an action for breach of a collective bargaining agreement pursuant to § 301 is time-barred because it was not commenced within the six-month period of limitations for such actions. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

With regard to plaintiffs' claim of implied contract, defendants also contend that such a claim is preempted by the NLRA where a collective bargaining agreement is in existence covering the employees involved. *Maushund v. Earl C. Smith, Inc.*, 795 F.2d 589 (6th Cir.1986).

In response to the motion to dismiss as it relates to unpaid vacation benefits, plaintiffs argue that this complaint was brought pursuant to the provisions of the West Virginia Wage Payment and Collection Act, *West Virginia Code* § 21–5–1 to § 21–5–16, and requests relief pursuant to the provisions of the West Virginia Wage Payment and Collection Act and that, therefore, removal of the complaint was improvident.

On June 29, 1988, the defendants filed a motion for leave to file additional case citation and argument, in which defendants argue that the then recently decided case of *Lingle v. Norge Division of Magic Chefs, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), clearly denies the Court jurisdiction of cases such as this one which require interpretation of the Collective Bargaining Agreement. Plaintiffs filed a response to the additional case citation and argument of defendants in which plaintiffs assert that the *Lingle* decision supports plaintiffs' position that their claim is an independent statutory cause of action not preempted by federal labor law.

By Order entered February 21, 1989, the Court deferred making a ruling on the pending motions until providing counsel with an opportunity to express their views on the question of whether ERISA is applicable to the controversy evident in this civil action. *See Holland v. National Steel Corp.*, 791 F.2d 1132 (4th Cir.1986). On April 4, 1989, plaintiffs filed a memorandum on the applicability of ERISA.[1]

■ Plaintiffs have not addressed the motion to dismiss as it relates to the claim of implied contract for severance pay. Nevertheless, it is undisputed that these employees were members of Local 789 of the Teamsters, with whom the employer had a collective bargaining agreement. A claim for severance pay pursuant to an implied contract would unhesitatingly be preempted by the LMRA where a collective bargaining agreement is in existence covering the employees involved. *NLRB v. Allis Chalmers Mfg.*, 388 U.S. 175, 180, 87 S.Ct. 2001, 2006, 18 L.Ed.2d 1123 (1967). It is unquestionable that national labor policy "extinguishes the individual employee's power to order his own relations with his employer and creates a power vested in the chosen representative to act in the interests of all employees." *Maushund*, 795 F.2d at 590, n. 1. The employees under such circumstances are bound by the decisions made by the union during the bargaining process and are restrained from subsequently claiming entitlement to additional rights, privileges, wages, conditions, etc., such as the severance pay claimed by plaintiffs herein.

■ With regard to the issue of preemption of the unpaid vacation benefits, plaintiffs correctly argue that the presence of federal question jurisdiction is generally determined by the "well-pleaded complaint" rule. *Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Consequently, an ac-

---

**1.** While it is questionable that a benefit plan was in existence which would trigger ERISA preemption, *See, Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), the Court need not reach this question in light of the determination that § 301 preemption is mandated.

tion originally instituted in the state court can be properly removed on the basis of federal question jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). It is now well established, however, that the doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22–24, 103 S.Ct. 2841, 2852–54, 77 L.Ed.2d 420 (1983). Notably, the complete preemption exception to the well-pleaded complaint rule "is applied primarily in cases raising claims preempted by § 301 of the LMRA." *Caterpillar,* 107 S.Ct. at 2430.

Section 301(a) of the LMRA, 29 U.S.C. § 185(a), provides that:

Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties....

It has been established that Congress enacted § 301 with the intent that federal labor law doctrines would uniformly prevail over inconsistent state law. *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). However, the Supreme Court has held that a state claim is preempted by § 301 "only if such application requires the interpretation of a collective-bargaining agreement." *Lingle,* 108 S.Ct. at 1885. If it is determined that the claimant has alleged a colorable state-law cause of action, the Court must determine whether the state claim is independent of the collective bargaining agreement and therefore not preempted. Thus, "the preemptive effect of § 301 ... depends upon the elements of the purported state-law claim." *Childers v. The Chesapeake and Potomac Telephone Company of Virginia, et al.,* 881 F.2d 1259 (4th Cir.1989).

It is clear from the admissions made in the defendant's answer that a colorable state cause of action under the West Virginia Wage Payment and Collection Act has been raised by the plaintiffs. The Court must now decide whether this colorable state-law cause of action is independent of the Collective Bargaining Agreement.

Plaintiffs claim that the defendants have not timely paid accrued vacation benefits. "As a precondition to recovery, it is necessary for the plaintiffs first to prove entitlement to such pay." *Lowe v. Imperial Colliery Co.,* 377 S.E.2d 652, 657 (W.Va.1988).

The elements of the state-law claim in the present case clearly distinguish it from *Lingle.* Here, in contrast to *Lingle,* the employees' claims are based on a provision in the Collective Bargaining Agreement which gave rise to the dispute between the defendants and former employees. *West Virginia Code* § 21–5–4 does not create entitlement to vacation pay; it provides for payment of wages, which include accrued fringe benefits, within a certain specified time upon termination of employment. Unlike the circumstances in *Lingle* and unlike those in *Fort Halifax,* West Virginia law did not create the vacation benefits in dispute. Rather, the employees' claims against Creasey and Fox are based on a provision for vacation benefits created by the Collective Bargaining Agreement. Thus, an interpretation of the Collective Bargaining Agreement is unavoidable.[2] Under such circumstances, *Lingle* teaches that the cause of action is preempted by federal labor law. It is accordingly

ORDERED that plaintiffs' Motion for Remand be, and hereby is, DENIED as this cause of action is preempted by § 301 of the LMRA.

■ Defendants support their motion to dismiss by arguing that the claims are time barred by the applicable statute of limitations. In *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the

---

2. The Court is aware that the West Virginia Supreme Court of Appeals reaches an opposite conclusion in *Lowe,* but the Court believes that the determination herein is consistent with re-

cent interpretations of *Lingle* by the U.S. Court of Appeals for the Fourth Circuit. *See, Briggs, et al. v. Heinz, U.S.A.,* 872 F.2d 416 (4th Cir.1989) (UP); *Childers,* 881 F.2d 1259.

Supreme Court held that the applicable statute of limitations in breach of collective bargaining suits against an employer is governed by the six month limitations period for making charges of unfair labor practices to the NLRB pursuant to § 10(b) of the NLRA. Defendant argues that the plaintiffs are bound by the accrual date of July 19, 1985, which is alleged in the complaint to be the date that defendants failed to pay the benefits claimed therein. Inasmuch as the complaint was not filed until June 1, 1986, defendants argue that the action is barred.

Plaintiffs rely entirely on the jurisdictional nature of the issue before the Court and have not presented the Court with any arguments which would dispute the untimeliness of the complaint if it were proceeding under § 301 of the LMRA. Inasmuch as plaintiffs have not presented the Court with any equitable estoppel argument or countered the accrual date advanced by the defendants, it is

ORDERED that defendants' motion to dismiss be, and hereby is, GRANTED.