**Harry ULRICH, Jr., et al.,
Plaintiffs–Appellees,**

v.

**The GOODYEAR TIRE & RUBBER
COMPANY, Defendant–Appellant.**

**No. 88–3905.**

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1989.

Decided Sept. 8, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 26, 1989.

Sidney C. Foster, Jr. (argued), John W. Solomon, Brouse & McDowell, Akron, Ohio, for plaintiffs-appellees.

T. William Konstantacos, Edward C. Kaminski (argued), Buckingham, Doolittle & Burroughs, Akron, Ohio, for defendant-appellant.

Before MERRITT and KENNEDY, Circuit Judges, and TODD, District Judge [*].

MERRITT, Circuit Judge.

Defendant, the Goodyear Tire & Rubber Co., appeals the order of the District Court dismissing plaintiffs' breach of employment contract claims without prejudice. Goodyear asserts that the District Court erred in holding that plaintiffs' claims that Goodyear breached its employment contract did not depend upon the meaning of the collective bargaining agreement ("CBA") and were, therefore, not preempted by federal law. Rather than dismissing plaintiffs' claims without prejudice so that they could be refiled in state court, Goodyear asserts, the District Court should have dismissed the claims with prejudice. We conclude that plaintiffs' claims are preempted by the CBA, but we remand the

[*] The Honorable James D. Todd, Judge of the United States District Court for the Western District of Tennessee, sitting by designation.

cause for further proceedings on certain claims not yet adjudicated.

## I.

The plaintiffs are all ex-employees of the Motor Wheel Corp., a subsidiary of Goodyear. All were formerly bargaining unit employees who were transferred to jobs outside the bargaining unit. Plaintiffs were considered inactive members of the union and paid no dues while in these non-bargaining unit positions.

Goodyear entered negotiations to sell the Motor Wheel Corp. in October, 1986, to avoid a hostile takeover attempt. Plaintiffs attempted to preserve their positions with Goodyear by returning to the bargaining unit. They requested that Goodyear transfer them back to positions in the bargaining unit relying on the following provisions of the CBA:

If an employee in a supervisory or other position outside of the bargaining unit returns to a job within the bargaining unit as a result of a reduction in production requirements or job elimination he shall be credited with his total seniority and the privileges that accrue thereto. If he returns for reasons other than those stated above he will be restricted to his service in the bargaining unit for bargaining unit seniority purposes....

CBA, Art. X, § 1(d)(3), Plaintiffs' Ex. 9, J.A. at 81–82.

Plaintiffs claim that under Art. X, § 1(d)(3) of the CBA, it was common practice for employees to go back and forth from bargaining unit to salaried positions. Plaintiffs further claim that each only left the unit in reliance on verbal assurances by Goodyear representatives that they were free to return to bargaining unit positions at any time.

Goodyear did not act on these requests. Instead it did not allow the transfers so that the subsidiary could be sold intact. In response, plaintiffs filed a grievance with the union. The grievance alleged that Goodyear denied plaintiffs the right, granted by the CBA, to transfer back to the bargaining unit. The union refused to process the grievance, finding that plaintiffs were not bargaining unit employees and, therefore, not represented by the union. The union took this position in reliance on a prior arbitration award involving an allegedly similar situation at another Goodyear plant.

The sale was eventually completed. Upon completion, plaintiffs became employees of the new owner, not Goodyear. Most are still employed by the purchaser, although a few have been laid off and one has accepted a position with another employer.

Plaintiffs, twenty-six ex-Goodyear employees, filed a two count complaint alleging a § 301 violation against the company and the union and a state breach of employment contract and promissory estoppel claim against the company.

At the close of plaintiffs' case, defendants moved the court for dismissal under Rule 41(b). The District Court granted the motion with respect to the § 301 claim but declined to rule on the merits of the state claim, instead dismissing it without prejudice.

The District Court based its ruling on the § 301 claim on two grounds: first, the union had *no* duty to represent the plaintiffs because they were not a part of the bargaining unit; second, even if the union did have a duty to represent the plaintiffs, the plaintiffs failed to establish a breach of that duty because they made no showing of bad faith or intentional discrimination by the union.

On the breach of contract and promissory estoppel claim, the District Court reasoned that the plaintiffs' claims did not involve interpretation of the CBA. The CBA dealt with the computation of seniority *if* an employee returns from a salaried position to a bargaining unit position. The CBA did not create or grant the *right to return* to a bargaining unit position but left the employer free to exercise its discretion. Plaintiffs' breach of contract claim, therefore, was not covered by the CBA and as such created not a federal cause of action but a state one, over which the

Court declined to exercise pendent jurisdiction.

Goodyear moved to amend the District Court's judgment to indicate dismissal of the entire case on the ground of federal preemption. This motion was denied. Goodyear now appeals only the order of dismissal of the contract and promissory estoppel claim without prejudice and the denial of its motion to amend the judgment. Plaintiffs do *not* appeal the ruling of the District Court.

## II.

Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) provides in pertinent part:

> Suits for violation of contracts between an employer and a labor organization ... may be brought in any district court....

In *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), the Supreme Court held that § 301 requires that parties resort to federal not state courts for such adjudication of claims to ensure uniform intepretation of CBA's and that state court jurisdiction thereof is preempted.

In *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the Supreme Court "clarified" the test for determining when state court jurisdiction is not preempted, *i.e.*, when a claim is "independent" of the CBA:

> [A]s long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself, the claim is "independent" of the agreement for § 301 preemption purposes.

*Lingle*, 108 S.Ct. at 1882. In essence the Court held that "an application of state law is pre-empted by § 301 ... only if such application requires the interpretation of a collective-bargaining agreement." *Id.* at 1885.

Plaintiffs dispute Goodyear's contention that their right to recover on the promissory estoppel and contract claim, which depends on the right to transfer back to the bargaining unit, requires a determination of seniority and, therefore, the interpretation of the CBA. Rather, plaintiffs contend, determination of seniority is relevant only *after* return to the bargaining unit. Only upon return to the bargaining unit, plaintiffs contend, are the terms and conditions of employment governed by the CBA.

We conclude that the District Court erred in holding that plaintiff's so-called "state law" claims were not preempted by federal law. Plaintiffs' request for return to the bargaining unit and for seniority rights upon return depends on rights created by the CBA. The allegedly "common practice" of allowing free transfer to and from the bargaining unit on which plaintiffs rely relates to the manner in which the CBA was enforced and the practices and customs of the workplace. Broadly speaking, the question depends upon interpretation of the CBA. The decision of the District Court on plaintiffs' separate "state law" claims turned on a determination that the language of the CBA itself did not create an automatic right to return to the bargaining unit. The existence of the plaintiffs' so-called "state law claim" is inextricably intertwined with the CBA. It depends on the practices of the workplace under the CBA.

It does not make sense to bifurcate this case into separate federal and state actions, and we hold that the state claim is preempted. Our conclusion that the state claims are preempted does not completely dispose of the case. Plaintiffs are entitled to a ruling on the merits of their contract and promissory estoppel claims as a matter of federal common law. The District Court must answer the following three questions: Do plaintiffs have the right to return to the bargaining unit? If so, do they have seniority? If they have seniority, what is their remedy? All of these questions are closely related and depend on an exposition of the CBA, the practices of the workplace and federal labor law. We, therefore, remand this cause for further proceedings. The District Court should decide on the merits the issue of whether any of the plaintiffs have a contractual right to return to the bargaining unit, and if so, the nature

of their seniority rights and the appropriate remedy.