900 F.2d 249
 135 L.R.R.M. (BNA) 3120, 29 Wage & Hour Cas. (BN 1600
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reuben J. BARTON; William Bee; Carl D. Cain; James E.
Davis; Ulysses G. Dean; Charles E. Everett; John A
Flanagan; Frank Fominko; Michael L. Frazier; Robert H.
Frazier; Woody D. Hamrick; Charles E. Kniceley; Mark E.
Labenne; Charles G. Lafferty; Mark Langbein; James E.
Lantz; Kenneth L. Matheney; William L. May; Frederick
McCartney; Howard B. Mitchell; James E. Nutter; Michael
A. Nutter; James R. Patton; Isaac S. Paugh; Stephen B.
Riel; William Rinehart; Glenn Shaw, Jr.; Lowell Stout;
Dennis C. Stutler; John F. Swenskie; Ronald J. Webb;
Lawrence D. Wilcox, Plaintiffs-Appellants,
v.
THE CREASEY COMPANY OF CLARKSBURG, a West Virginia
corporation; Fox Grocery Company, a West Virginia
corporation, Defendants-Appellees.
 No. 89-2170.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 27, 1989.
Decided March 13, 1990.
Rehearing and Rehearing In Banc Denied April 11, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Robert E. Maxwell, Chief District Judge. (CA-87-75-C).
 Michael John Aloi, Manchin, Aloi & Carrick, Fairmont, W.Va., for appellants.
 Frederick F. Holroyd, II, Holroyd, Yost & Merical, Charleston, W.Va., for appellees.
 N.D.W.Va., 718 F.Supp. 1284.
 AFFIRMED.
 Before PHILLIPS, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reuben J. Barton and other former employees of Creasey Company appeal the district court's dismissal of their action against Creasey Company and Fox Grocery Company for unpaid vacation and severance pay. The district court granted the appellees' petition to remove the action from state court based on the doctrine of complete preemption, holding that any claims the employees may have had under West Virginia statutory law were preempted by their union's collective bargaining agreement with Creasey Company. In a later order, the court denied appellants' motion to remand the case to state court and granted appellees' motion to dismiss on the ground that the action was time-barred. We now affirm the judgment of the district court.
 
 
 2
 * In July 1985, the appellants were laid off, then terminated, from their employment with the Creasey Company of Clarksburg, West Virginia, shortly after Creasey's merger with the Fox Grocery Company. At the time of their termination, the appellants were covered by a 1983 collective bargaining agreement between Teamsters Local Union No. 789 and Creasey Company. That agreement contained a clause providing vacation pay to specified employees. It did not expressly provide severance pay to non-management bargaining unit employees, although some management employees of Creasey were entitled to severance pay under separate agreements.
 
 
 3
 In May 1987, the appellants filed a complaint in the Circuit Court of Harrison County, West Virginia, seeking recovery of vacation and severance pay. Count 12 of the complaint alleged that Creasey Company and Fox Grocery Company "have failed and refused to provide fringe benefits for vacation pay as provided by the parties' Collective Bargaining Agreement...." Counts 13 and 14 alleged that certain management employees received severance pay, providing the basis for the allegation in Count 15 that such action "created an implied contract to pay all employees severance pay ...," which contract, Count 16 alleged, the companies had breached.
 
 
 4
 The appellees successfully petitioned for removal to the United States District Court for the Northern District of West Virginia, arguing that the court had original jurisdiction of the action under Sec. 301 of the National Labor Relations Act. Soon thereafter, the district court denied the appellants' motion to remand the case to state court and granted the appellees' motion to dismiss, concluding that the claims were time-barred.
 
 
 5
 This appeal followed.
 
 II
 
 6
 The appellants' only claim of error regards the district court's finding of complete preemption and the resulting denial of their motion to remand. They have not challenged the district court's conclusion that, if Sec. 301 of the NLRA governs this action, it was time-barred under the six-month statute of limitations applicable to suits for violations of collective bargaining agreements. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). Rather, their specific argument is that their claims did not arise under Sec. 301 because they have a cause of action for recovery of vacation and severance pay under the West Virginia Wage Payment and Collection Act, W.Va.Code Secs. 21-5-1 to -18, that is independent of, and thus not preempted by, the collective bargaining agreement.
 
 
 7
 The West Virginia statute provides various procedures and remedies, such as liquidated damages, attorney's fees, and a generous statute of limitations, to facilitate an employee's collection of wrongfully withheld pay and wages. The statute does not, however, grant any entitlements to pay or wages, and the appellants have not contended that it does. Thus, despite their assertions that their claims arise wholly under the West Virginia statute, the appellants' complaint in state court shows that any substantive right they might have to recovery of vacation and severance pay would require interpretation of the collective bargaining agreement. Under the doctrine of Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988), those claims are therefore preempted: "[A]pplication of state law is preempted by Sec. 301 ... if such application requires the interpretation of a collective-bargaining agreement." Id. at 413.
 
 
 8
 The necessity of interpreting the collective bargaining agreement here is manifest. Count 12 of the complaint expressly invoked the collective bargaining agreement as the source of the claimed right to vacation pay, and it is precisely with respect to the interpretation of relevant provisions of the agreement that appellants and the Creasey and Fox companies join issue on the merits. Similarly, the existence of a collective bargaining agreement that comprehensively addresses issues of wage and pay preempts the implied contract claim for severance pay. Any such claim could not be assessed without examining the contractual relationship between the union and the employer, as embodied in the collective bargaining agreement. See NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175, 180 (1967).
 
 
 9
 The district court therefore properly concluded that the application of state law to the claims for vacation and severance pay was preempted by Sec. 301. To the extent that the employees' claims invoked state law, the court correctly held that the "complete preemption" exception to the well-pleaded complaint rule supported federal jurisdiction in this case. See Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2430 (1987); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 22-24 (1983).*
 
 III
 
 10
 For the foregoing reasons, we affirm the district court's denial of the employees' motion to remand to state court. As the record supports the district court's conclusion, not directly challenged on appeal, that the employees' claims were time-barred by the six-month statute of limitations applicable to claims under Sec. 301, we affirm the district court's dismissal on that ground. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED
 
 
 *
 At least with respect to the vacation pay claim, the employees' invocation of a right purportedly created by the collective bargaining agreement would also have supported original federal jurisdiction, and therefore removal, under the well-pleaded complaint rule: "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option." Caterpillar, 107 S.Ct. at 2433 (emphasis in original)