**Rene ROY, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 90–CV–71896–DT.**

United States District Court,
E.D. Michigan, S.D.

Sept. 20, 1990.

Joseph A. Golden, Southfield, Mich., for plaintiff.

James C. Curtiss, Dearborn, Mich., for defendant.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion to remand. Defendant has filed a response to this motion. In accordance with Local Rule 17($l$)(2), the Court shall decide this motion without hearing.

This action was originally filed in Wayne County Circuit Court on May 24, 1990. Defendant removed the action to this Court on June 29, 1990. On July 30, 1990, plaintiff filed this motion to remand to state court, alleging that removal was improper.

Defendant removed this case to federal court on the basis that section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts plaintiff's claim. Plaintiff contends that removal was improper because his complaint is not based on and does not require the interpretation of a collective bargaining agreement. Rather, plaintiff argues that he is seeking enforcement of an independent contract under state law.

## FACTS

Plaintiff's complaint alleges that defendant Ford Motor Company approached him in April or May of 1988 seeking his cooperation with its "Investigative Unit." At this time plaintiff was an employee of defendant but was on medical restrictions as a result of previous job-related injuries. Plaintiff further alleges that defendant promised him that if he would cooperate with the Investigative Unit, defendant would provide plaintiff with the following: (1) protection if conditions became unsafe, (2) a transfer to another plant without any loss of job security or other employee benefits, and (3) a position within his medical restrictions. Plaintiff next alleges that he cooperated with defendant's Investigative Unit in reliance upon defendant's promises. Plaintiff claims that defendant has breached these promises by transferring him to another plant with loss of seniority and other employee benefits.[1]

## DISCUSSION

The removal of cases from state to federal court on the basis of federal question jurisdiction has been governed for over a century by federal statute. *See* Act of Mar. 3, 1887, ch. 373, 24 Stat. 552, as amended by Act of Aug. 13, 1888, ch. 866, 25 Stat. 433. Generally, "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). This rule allows a plaintiff to avoid federal jurisdiction by exclusively relying on state law in his complaint. *Id.*[2] Additionally, "it is settled law that a case may *not* be removed to a federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint...." *Id.* at

---

1. Plaintiff also claims defendant violated the Michigan Handicappers' Civil Rights Act, MCLA § 37.1101 *et seq.*

2. See also *Id.* at n. 7 which cites the following cases in support of this proposition: *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); *Mer-*

*rell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed. 713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

393, 107 S.Ct. at 2430 (emphasis in original) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983)).

■ While the party bringing suit is master to decide what law he will rely upon, as per the well-pleaded complaint rule, there is a related doctrine that supersedes this rule under certain circumstances. This doctrine is the "independent corollary to the well-pleaded complaint rule," otherwise known as the "complete preemption" doctrine. *Id.* Complete preemption will apply where the preemptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)).

■ In cases raising claims preempted by section 301 of the Labor Management Relations Act ("LMRA") the complete preemption corollary to the well-pleaded complaint rule is applied.[3] *Id.* Also, the Supreme Court has approved the Sixth Circuit's conclusion that "[s]tate law does not exist as an independent source of private rights to enforce collective bargaining contracts." *Id.* 482 U.S. at 394, 107 S.Ct. at 2430 (citing *Avco Corp. v. Machinists*, 376 F.2d 337, 340 (6th Cir.1967), *aff'd*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). In sum, when a state law-based complaint is grounded in a collective bargaining agreement, the complaint arises under federal law. *Id.*

■ It should be noted that in order for the complete preemption corollary to apply, section 301 must be found to govern the claim. Section 301 will govern claims in

situations where there are: (1) claims founded *directly* on rights created by a collective bargaining agreement, and (2) claims *substantially dependent on* analysis of a collective bargaining agreement. *International Bhd. of Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3, 107 S.Ct. 2161, 2166–67, n. 3, 95 L.Ed.2d 791 (1987).

### A.

■ Defendant argues that plaintiff's complaint is based on rights created by the collective bargaining agreement applicable to plaintiff at the time the alleged individual employment contract arose. Defendant also argues that plaintiff's claim is substantially dependent upon interpretation of the collective bargaining agreement to which plaintiff was subject. Both of these arguments mischaracterize plaintiff's claim and misconstrue the Supreme Court's jurisprudence on preemption as it applies to removal.

Plaintiff has alleged that he entered into an *individual* employment contract with defendant. Section 301 says nothing about the content or validity of individual employment contracts. It may be true that plaintiff was covered by a collective bargaining agreement at the time he entered into the contract with defendant.[4] It may also be true that plaintiff possessed rights under the collective bargaining agreement which would have allowed him to bring suit via section 301. As master of the complaint, however, plaintiff chose not to do so. His complaint seeks to enforce an individual contract, not the collective bargaining agreement.

Defendant argues that *Maushund v. Earl C. Smith, Inc.*, 795 F.2d 589 (6th Cir.1986) controls the present case and requires a finding that plaintiff's claim is

---

**3.** Section 301 provides:
  Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

**4.** Defendant has asserted that plaintiff was covered by a collective bargaining agreement during the period relevant to the matter at hand. Plaintiff has not denied these allegations. For purposes of this opinion the Court assumes that plaintiff was subject to such an agreement.

preempted by section 301. *Maushund* is distinguishable from the case at bar.

In *Maushund*, the plaintiff claimed that his discharge by his employer was in breach of an alleged oral contract which provided that he could only be discharged for cause. The plaintiff sued his employer in state court relying on *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980), as the basis for his claim. The plaintiff's complaint alleged the existence of a collective bargaining agreement to which plaintiff was subject. On this basis the defendant employer removed the case to federal court, asserting that the case was governed by section 301. The district court granted summary judgment for the defendant on plaintiff's "Toussaint" claim. The plaintiff appealed on the basis that his oral contract rights under *Toussaint* were not preempted by federal law. The Sixth Circuit disagreed, noting that *Toussaint* and its progeny have no application to employment relationships which are subject to a collective bargaining agreement. The *Maushund* court held, that plaintiff's *sole* remedy was to seek redress through the collective bargaining agreement and therefore his claim was preempted.

■ In the present case plaintiff seeks enforcement of a separate, individual employment contract. That some of the alleged terms of this contract indirectly relate to areas normally dealt with by the collective bargaining agreement does not mean that plaintiff has founded his claim directly upon the collective bargaining agreement. Indeed, plaintiff does not claim a violation of these terms as they relate to the collective bargaining agreement. Rather, his claim relates solely to the breach of an alleged individual contract which he entered into with defendant. As such, section 301 does not govern here because plaintiff's claim is not founded directly on rights created by a collective bargaining agreement.[5] *Caterpillar, Inc. v. Williams*, 482 U.S. at 394, 107 S.Ct. at 2431. *See also International Bhd. of Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3, 107 S.Ct. 2161, 2166–67, n. 3, 95 L.Ed.2d 791 (1987); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985).

Defendant argues that plaintiff's claim, with regard to job transfers, seniority and benefits is based on the terms of the collective bargaining agreement and, by implication, that in order to defend this claim in state court, it will assert defenses which will require the state court to refer to the collective bargaining agreement. This may or may not be correct, but in so arguing defendant ignores the holding of *Caterpillar*. As the Supreme Court there stated:

It is true that when a defense to a state claim is based on the terms of a collective bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. When a plaintiff invokes a right created by a collective-bargaining agreement, the

5. If defendant, by implication, is arguing that plaintiff's individual employment contract has been preempted here due to the principle of exclusive representation or that enforcement of the individual employment contract would constitute an unfair labor practice under the National Labor Relations Act and is therefore preempted, defendant is mistaken. The Supreme Court has concluded that such grounds for preemption do not cause a plaintiff's claim to be removable, even though a defendant might ultimately prove these contentions. *Caterpillar Inc. v. Williams*, 482 U.S. at 397–98, 107 S.Ct. at

2432. In *Caterpillar* the Supreme Court noted "[e]ven if ... individual employment contracts [are] negotiated with [an employee] while the latter [is] covered by a collective agreement ..., this fact is irrelevant to the removal question." *Id.* at n. 12. The Supreme Court further noted "state-law claims might be pre-empted by the NLRA, but they would not be transformed into claims arising out of federal law." *Id. See* § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159. *See also Machinists v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 146, 96 S.Ct. 2548, 2556, 49 L.Ed.2d 396 (1976).

plaintiff has *chosen* to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. *Congress has long since decided that federal defenses do not provide a basis for removal.*

*Id.*, 482 U.S. at 397–98, 107 S.Ct. at 2433 (emphasis added) (footnote omitted). Thus, although a defense to plaintiff's claim may require the state court to examine the collective bargaining agreement, this does not cause the claim to be preempted by section 301. The state court may have to look to the collective bargaining agreement when fashioning a remedy in this matter. This, however, does not mean that plaintiff's claim is therefore preempted by section 301:

> A collective-bargaining agreement may, of course, contain information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state lawsuit is entitled. Although federal law would govern the interpretation of the agreement to determine the proper damages, the underlying state law claim, not otherwise pre-empted, would stand. Thus, as a general proposition, a state law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state-law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state law analysis would not be thereby pre-empted.

*Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, n. 12, 108 S.Ct. 1877,

1885, n. 12, 100 L.Ed.2d 410 (1988) (citation omitted).

What this language clearly indicates is that although federal law may "preempt" various aspects of a state law claim, this fact does not necessarily cause the state law claim to fall within the complete preemption doctrine. Plaintiff's claim in the present matter is not founded directly on rights created by a collective bargaining agreement; nor is it substantially dependent on analysis of such an agreement. As a result, complete preemption as a basis for removal does not apply to plaintiff's claim. *See International Bhd. of Electrical Workers v. Hechler*, 481 U.S. at 859, n. 3, 107 S.Ct. at 2166–67, n. 3.

### B.

■ Defendant next argues that plaintiff's claim is preempted by section 301 because it is inextricably intertwined with the interpretation of the collective bargaining agreement which plaintiff was subject to at the time the alleged individual contract was entered into.

This Court disagrees. Plaintiff's claim does not address the relationship between the individual contract and the collective bargaining agreement. Plaintiff's claim merely relates to the promises contained in the alleged individual contract; nowhere does it seek to include the provisions of the collective bargaining agreement. Admittedly, plaintiff's claim alleges a failure by defendant to provide certain benefits, seniority for example, but plaintiff is claiming these in the context of the individual contract, not in terms of the collective bargaining agreement.[6] Plaintiff's claim is based on the individual contract and he is seeking redress pursuant to state law. From these facts it follows that "it would be inconsistent with congressional intent under [section 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis–Chalmers Corp. v. Lueck*,

---

**6.** As the Supreme Court has aptly stated "not every dispute concerning employment, or *tangentially involving a provision of a collective-bargaining agreement* is preempted by § 301 or

other provisions of the federal labor law." *Allis Chalmers Corp. v. Lueck*, 471 U.S. at 211, 105 S.Ct. at 1911 (emphasis added).

471 U.S. at 212, 105 S.Ct. at 1912; *see also Caterpillar, Inc. v. Williams*, 482 U.S. at 395, 107 S.Ct. at 2431. For this reason section 301 does not govern plaintiff's claim.

Defendant relies on two recent Sixth Circuit decisions, *Ulrich v. Goodyear Tire & Rubber Co.*, 884 F.2d 936 (6th Cir.1989) and *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033 (6th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2204, 109 L.Ed.2d 531 (1990), in support of its argument that plaintiff's claim raises issues inextricably intertwined with the collective bargaining agreement and, therefore, is preempted by section 301. Each of these decisions is distinguishable from the present matter.

In *Ulrich*, former employees filed suit alleging breach of their collective bargaining agreement, state law breach of contract, and state law promissory estoppel in connection with their employer's failure to return them to the bargaining unit when their supervisory jobs were eliminated. The Sixth Circuit held that the state law claims were preempted by section 301 because the "[p]laintiffs' request for return to the bargaining unit and for seniority rights depend[ed] upon return rights created by the [collective bargaining agreement]." *Ulrich*, 884 F.2d at 938. The *Ulrich* court supported this conclusion by noting that the plaintiffs' claims for return and seniority related to the manner in which the collective bargaining agreement was enforced and the practices and customs of the workplace. *Id.* As such, the plaintiffs' state law claims of breach of contract and estoppel really related to the interpretation and functioning of the collective bargaining agreement itself. *Id.* That is to say, the plaintiffs' claims were founded *directly* on the collective bargaining agreement.

In the present matter, plaintiff's claim does not directly relate to the functioning of the collective bargaining agreement with defendant; nor does it depend on the practices of the workplace. Plaintiff's claim is squarely based on a separate, individual contract that does not seek to implement guarantees contained in the collective bargaining agreement. Plaintiff's claim seeks to implement guarantees contained in the individual contract he allegedly entered into with defendant. Defendant has not shown that an individual contract of the type alleged by plaintiff is a common method of enforcing the collective bargaining agreement.

In *Terwilliger*, the plaintiff, a member of a collective bargaining unit was denied reemployment in 1971 because of health problems. In 1985, based on information he subsequently learned, he sued his employer for fraud and misrepresentation, specifically contending that his employer fraudulently withheld an examination report, in 1971, in order to deny his reinstatement. Although his claim was based on fraud and misrepresentation, the Sixth Circuit held that such claim was preempted because plaintiff "essentially has alleged that Greyhound, acting in bad faith violated the provisions of the collective bargaining agreement." *Terwilliger*, 882 F.2d at 1037. The court concluded that a resolution of plaintiff's claim would require interpretation of the collective bargaining agreement and, as a result, section 301 preemption would apply. *Id.* at 1037–1038.

In the case at bar, plaintiff's state law claim is not based on a provision in the collective bargaining agreement. Although plaintiff claims defendant breached a promise for various transfer, seniority and benefits rights, such promises are not based in the collective bargaining agreement that applied to plaintiff at that time. Rather, such promises are based in the alleged individual employment contract between plaintiff and defendant. To resolve plaintiff's claim, resort will first be made to the terms of the alleged agreement, not to the terms of the collective bargaining agreement. On this basis *Terwilliger* is distinguishable from the case at bar.

Accordingly,

For the reasons set forth above, section 301 preemption does not exist and plaintiff's Motion to Remand must be GRANTED.

An order consistent with this opinion shall issue.