Victoria STRATOTI, Plaintiff,

v.

The KROGER COMPANY, Defendant.

No. C2–01–1001.

United States District Court,
S.D. Ohio,
Eastern Division.

Jan. 30, 2002.

Dennis M. McGuire, Columbus, OH, for Plaintiff.

Bradd Nathan Siegel, Porter Wright Morris & Arthur–2, Columbus, OH, for Defendant.

### OPINION AND ORDER

MARBLEY, District Judge.

Plaintiff, Victoria Stratoti, filed this action in the Court of Common Pleas of Franklin County, Ohio, against her former employer, The Kroger Company. Kroger timely removed the case to this Court on October 16, 2001. Stratoti then moved to remand, asserting that her complaint stated claims only under state law and not, as Kroger contended, claims which are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Kroger has opposed the motion to remand. For the following reasons, Stratoti's motion to remand will be denied.

### I.

The only facts of record are those set forth in the complaint and the notice of removal. They can be summarized as follows. Of course, the Court assumes the truth of the allegations set forth in the complaint for purposes of ruling on the motion to remand.

Stratoti used to work as a meat clerk at the Delaware, Ohio Wal–Mart Super Store. She applied for a similar position at a Kroger store nearer to her home. Although she was initially offered the position, she refused it because the starting pay was substantially less than she was making at Wal–Mart.

Two days later, Kroger called Stratoti back for a second interview and offered her a higher initial rate of pay, with a promise that her pay would increase two additional times in the near future so that she would eventually make $12.00 per hour. She was also promised a schedule which would not require her to work evenings. Based on these representations, she quit her job at Wal–Mart and begin to work at Kroger.

Almost immediately, Stratoti began to detect a difference between what she had been promised and what she was actually being paid. Her paychecks were consistently smaller than the initial rate of pay she was promised, although by only $.09 an hour. Other employees complained about the fact that she was not required to work evenings, and Kroger then scheduled her to work one evening a week. One of the union stewards then surreptitiously inspected her employment file and discovered that she had been hired not as a meat clerk but as a sanitizer, which permitted Kroger to pay her more money. That discovery led to a conflict between Stratoti and other members of the meat department. Finally, Kroger demanded that she accept the $7.50 per hour pay rate which had originally been offered to her and which she had refused, indicating that if she did not wish to be employed under those circumstances, she should simply not come back to work. She did not, and this lawsuit followed.

On its face, the complaint states claims under state law for promissory estoppel, fraud, breach of contract, and constructive discharge. According to the removal petition, however, Kroger was a "union shop" at all times while Stratoti was employed there, and her job (whether it was as a meat cutter or a sanitizer) was a job classification covered by a collective bargaining agreement. Asserting that all of Stratoti's claims are completely preempted by § 301 of the FMLA, Kroger removed the case to this Court under the federal question removal provisions of 28 U.S.C. § 1441. The issue raised by the motion to remand is whether any or all of Stratoti's claims are completely preempted by the LMRA.

### II.

Although, for removal purposes, a plaintiff is generally regarded as the "master of the complaint" and may choose to plead only state law claims where federal

law claims are also available, *see Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), one exception to that rule exists when the claims pleaded under state law are completely preempted by federal law so that they are, in reality, federal law claims. Under those circumstances, where an area of state law has been completely preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The parties do not dispute that § 301 of the LMRA has been held to preempt completely any state claims which assert rights created by collective bargaining agreements or which are "substantially dependent on analysis of a collective bargaining agreement." *Electrical Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987); *see also Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Kroger contends that because Stratoti was, at all times during her employment, a bargaining-unit employee, any claim she makes relating to the terms or conditions of her employment either arises out of the collective bargaining agreement or requires an analysis of it, thus triggering the complete preemption doctrine. Stratoti, on the other hand, asserts that all of her claims arise out of employment agreements which were made independently of the collective bargaining agreement (and, in some cases, which contradict the express terms of the collective bargaining agreement) and her claims are therefore not preempted. Although, in the Court's view, neither party is exactly correct in these assertions, the Court does find that at least one of Stratoti's claims is completely preempted by § 301, and that

is enough to support removable jurisdiction.

■ The Court notes, first, that a bargaining unit employee may assert claims relating to his or her employment which arise exclusively under state law and which are not completely preempted by § 301. The Supreme Court has specifically held that

individual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Rather, both *Caterpillar* and other decisions have consistently held that only some employment-related claims brought by bargaining unit employees are completely preempted, and that an analysis of the circumstances of each case is necessary in order to determine whether the particular claims are before the Court preempted by the LMRA.

Kroger asserts that because the wage rate for meat cutters was established in a collective bargaining agreement. Stratoti's claim that she was promised a different wage rate is completely preempted. The Court does not necessarily agree with that assertion. Stratoti's complaint alleges that the promise of employment at a specific wage rate was made prior to the time that she accepted employment, and therefore prior to the time that she entered Kroger's bargaining unit. As one court has noted, there are many

cases where courts have determined that claims that an employer breached a promise made to an employee before the employee entered the bargaining unit or while the employee was outside the bargaining unit were not preempted. *See, e.g., White v. National Steel Corp.*, 938

F.2d 474 (4th Cir.), *cert. denied*, 502 U.S. 974, 112 S.Ct. 454, 116 L.Ed.2d 471 (1991); *Overby v. Chevron USA, Inc.*, 884 F.2d 470, 473–74 (9th Cir.1989); *Berda v. CBS, Inc.*, 881 F.2d 20, 25–27 (3d Cir.1989), *cert. denied*, 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990); *Varnum v. Nu–Car Carriers, Inc.*, 804 F.2d 638, 640 (11th Cir.1986), *cert. denied*, 481 U.S. 1049, 107 S.Ct. 2181, 95 L.Ed.2d 838 (1987); *Anderson v. Ford Motor Co.*, 803 F.2d 953, 958 n. 7 (8th Cir.1986), *cert. denied*, 483 U.S. 1011, 107 S.Ct. 3242, 97 L.Ed.2d 747 (1987). *But see Bale v. General Telephone Co.*, 795 F.2d 775, 779–80 (9th Cir.1986).

*Nipper v. Garage Door Group, Inc.*, NO. 92–4085–R, 92–4086–R, 92–4087–R, 92–4088–R, 92–4089–R, 1992 WL 331326, \*6 (D.Kan. Oct 19, 1992).

In *Caterpillar*, the Supreme Court held that contract claims made by employees who held managerial positions rather than bargaining unit positions at the time the promises were made were also not preempted by § 301.

Factually, this claim is very similar to one advanced in the case of *Pauley v. Ford Electronics & Refrigeration Corp.*, 941 F.Supp. 794 (S.D.Ind.1996). There, the employee plaintiff also asserted a claim for wages at a rate which differed from that set forth in the collective bargaining agreement, basing that claim upon a pre-employment promise. The *Pauley* court stated that

> According to FERCO [the employer], Pauley's claims are for wages allegedly owed her under Article IV of the collective bargaining agreement. Since the "area" of wages is within the agreement, says FERCO, Pauley essentially alleges that FERCO breached the agreement. That argument misses the most important aspect of Pauley's claims. She seeks wages allegedly owed to her based on a promise that FERCO made to her individually, not under the collective bargaining agreement. In fact, the parties agree that Pauley has been paid in compliance with the collective bargaining agreement. They also agree that the relief she seeks is actually contrary to the wage terms of the collective bargaining agreement.

> *Pauley v. Ford Electronics and Refrigeration Corp.*, 941 F.Supp. 794, 802 (S.D.Ind.1996).

Based on this rationale, the court held that the employee's claims were not preempted.

█ It is possible that Kroger has a federal preemption defense to Stratoti's wage claim. However, as another court noted,

> If defendant, by implication, is arguing that plaintiff's individual employment contract has been preempted here due to the principle of exclusive representation or that enforcement of the individual employment contract would constitute an unfair labor practice under the National Labor Relations Act and is therefore preempted, defendant is mistaken. The Supreme Court has concluded that such grounds for preemption do not cause a plaintiff's claim to be removable, even though a defendant might ultimately prove these contentions. *Caterpillar Inc. v. Williams*, 482 U.S. at 397–98, 107 S.Ct. at 2432. In *Caterpillar* the Supreme Court noted "[e]ven if ... individual employment contracts [are] negotiated with [an employee] while the latter [is] covered by a collective agreement ..., this fact is irrelevant to the removal question." *Id.* at 398 n. 12, 107 S.Ct. 2425. The Supreme Court further noted "state-law claims might be preempted by the NLRA, but they would not be transformed into claims arising out of federal law." *Id. See* § 9(a) of the National Labor Relations

Act, 29 U.S.C. § 159. *See also Machinists v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 146, 96 S.Ct. 2548, 2556, 49 L.Ed.2d 396 (1976). *Roy v. Ford Motor Co.,* 748 F.Supp. 492, 496 n. 5 (E.D.Mich.1990).

Similarly, the Sixth Circuit Court of Appeals has stated that

> a defendant's reliance on a CBA term purely as a defense to a state law claim does not result in section 301 preemption. *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 799 (6th Cir.1990).

Consequently, although there may be a substantial argument to be made that any pre-employment agreement concerning wages became unenforceable once plaintiff accepted employment and became a bargaining unit employee, the existence of such a defense is not the equivalent of complete preemption and would not justify the removal of the case to federal court.

 As Kroger saliently notes in its memorandum in opposition to Stratoti's motion to remand, however, "[i]f even one of plaintiff's claims is preempted by section 301 of the LMRA, plaintiff's Motion must be denied." Defendant's Memorandum in Opposition, at 9. In Count IV of her complaint, Stratoti claims that when Kroger reneged on its promise to pay her wages in excess of those authorized by the collective bargaining agreement and insisted that she accept a pay cut, it constructively discharged her. Although the complaint does not specifically allege that the discharge was wrongful, the Court assumes that Stratoti would not have pleaded a claim for constructive discharge if she did not also intend to assert that she could not lawfully have been discharged under the circumstances described in the complaint.

Stratoti did not plead, as a part of her contract claim, any allegation that Kroger made pre-employment representations to her concerning whether she would be an employee at will or whether she could be discharged only for good cause. In the absence of such allegations, Stratoti's right not to be discharged (if she had such a right) would depend upon the rights granted to her by the collective bargaining. Consequently, although Stratoti's claim for failure to pay her wages in accordance with the oral agreement may not be preempted by the LMRA, her claim that she was wrongfully discharged is completely preempted. As the Tenth Circuit Court of Appeals observed in a similar context,

> Plaintiff's two state law claims essentially asserted causes of action for wrongful discharge. The applicable collective bargaining agreement between defendant and its employees governs employee discharges and provides grievance and arbitration procedures through which an employee can challenge a discharge as wrongful. Because any determination of defendant's liability under the state law claims would, thus, inevitably involve interpretation of the collective bargaining agreement, section 301 preempted these claims.

*Saunders v. Amoco Pipeline Co.,* 927 F.2d 1154, 1156 (10th Cir.1991).

### III.

At this stage of the case, because the only issue before the Court is whether any one of Stratoti's state law claims is preempted by the LMRA, the Court holds that her fourth claim for constructive discharge is preempted. That being so, the complaint states at least one claim which arises under federal law, and the case was properly removed under 28 U.S.C. § 1441(b). Consequently, Stratoti's motion to remand (file doc. # 6) is DENIED.