Kenneth R. MITCHELL and Charlene M. Giantommaso, On behalf of themselves and all others similarly situated, Plaintiffs,

v.

GLOBE NEWSPAPER COMPANY, INC., Defendant.

Civil Action No. 08–12160–JLT.

United States District Court, D. Massachusetts.

March 13, 2009.

Mark W. Batten, Eben A. Krim, Proskauer Rose LLP, Boston, MA, for Defendant.

Stephen R. Domesick, Boston, MA, for Plaintiffs.

## MEMORANDUM

TAURO, District Judge.

### I. *Introduction*

Plaintiffs Kenneth R. Mitchell and Charlene M. Giantommaso bring this putative class action under the Massachusetts Wage Act, alleging that Globe Newspaper Company, Inc. ("Defendant") failed to compensate Plaintiffs fully for earned vacation pay. Currently before this court are Plaintiffs' *Motion to Remand* and Defendant's *Motion to Dismiss*. For the following reasons, Plaintiffs' *Motion to Remand* is DENIED, and Defendant's *Motion to Dismiss* is ALLOWED.

### II. *Background*

Plaintiffs and members of the proposed class are employed by Defendant in various capacities related to the insertion of advertisements in Defendant's newspaper. Plaintiffs are represented by the Boston Mailers' Union Local No. 1 ("the Union") under a collective bargaining agreement ("the CBA") with Defendant. Under the terms of the CBA, Plaintiffs are able to earn vacation pay according to a "shifts worked formula," under which Plaintiffs accrue one day of paid vacation for every twenty-five shifts worked. Any accrued vacation an employee earns in a given year is payable by Defendant the following year.

The current CBA took effect on July 7, 2007, supplanting a prior CBA between the Union and Defendant. Under this amended agreement, the Union and Defendant agreed, among other things, to reduce the bargaining unit's rate of pay for each shift worked from $223.48 to $156.38. After the amended CBA and concomitant reduction of wages became effective, Plaintiffs took time off and received vacation pay at the reduced wage rate of $156.38 then in effect even though Plaintiffs had accrued the vacation days under the earlier wage rate of $223.48.

Plaintiffs filed the Complaint in the Superior Court Department of the Trial Court, Suffolk County, Massachusetts on November 28, 2008. The only claim Plaintiffs assert in the Complaint is violation of the Massachusetts Wage Act.[1] The Complaint avers that because Plaintiffs earned their vacation days before the reduction of wages took effect on July 7, 2007, Defendant was obligated to pay Plaintiffs the $223.48 wage rate for vacation time accrued under that rate regardless of what wage rate applied when the vacation time was redeemed.

Defendant removed to this court on December 31, 2008, arguing that federal district courts possess sole jurisdiction over any suit to recover benefits under the CBA. On January 9, 2009, Plaintiffs moved

---

1. Mass. Gen. Laws. Ann. ch. 149, § 148 (West 2008).

to have this matter remanded to the Superior Court, maintaining that this court lacks jurisdiction to review Plaintiffs' state law claim. Defendants moved to dismiss the Complaint for failure to state a claim on the ground that Plaintiffs' sole state claim is preempted by the Labor Management Relations Act ("LMRA").

### III. *Discussion*

#### A. *Jurisdictional Standard*

██ Because the Parties to this action lack diversity, this court would have jurisdiction over this case only if the Complaint presents a federal question within the meaning of 28 U.S.C. § 1331. Under the familiar well-pleaded complaint rule, "[a] district court's federal-question jurisdiction ... extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question."[2] Generally, if the plaintiff's complaint does not state a federal claim, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption," even if it is the "only question truly at issue."[3]

██ A corollary to the well-pleaded complaint rule, however, provides that in some instances, "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"[4] Incidentally, this corollary "is applied primarily in cases raising claims preempted by § 301 of the LMRA."[5] Whether this court has jurisdiction over Plaintiffs' Wage Act claim thus turns on § 301 preemption, which is also the basis for Defendant's *Motion to Dismiss.* If § 301 preempts Plaintiffs claim, remand would be inappropriate, and dismissal by this court would be the proper course.

#### B. *Preemption*

Section 301 of the LMRA gives United States district courts jurisdiction over contract disputes based on collective bargaining agreements.[6] The Supreme Court has interpreted this grant of jurisdiction as also "authoriz[ing] federal courts to fashion a body of federal law for the enforcement of ... collective bargaining agreements."[7] Over time, this authority to enforce collective bargaining agreements was held to rest exclusively with the federal courts.[8] In *Lingle v. Norge Division of Magic Chef, Inc.,* the Court determined that any state law claim, contract or otherwise, requiring a court to construe a collective bargaining agreement is preempted by § 301.[9] Reasoning that inconsistent interpretation from state to state would threaten to undermine federal labor law, the Court in *Lingle* held that *any* state-law claim that "depends upon the meaning of a collec-

---

2. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (internal quotation omitted).

3. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

4. *Id.* (quoting *Met. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).

5. *Id.*

6. *See* 29 U.S.C.A. § 185(a) (West 2009).

7. *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

8. *See Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962).

9. 486 U.S. 399, 407, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

tive-bargaining agreement" is preempted.[10]

 That a court might "need merely to refer in passing" to a collective bargaining agreement is not enough to preempt a state law claim.[11] "In practice, this test boils down to whether the asserted state-law claim plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement."[12] To survive preemption, a plaintiff's state-law claim must exist independently of the collective bargaining agreement.[13]

 The Massachusetts Wage Act provides employees a statutory remedy, including treble damages, against employers who fail to pay wages in a timely fashion. The statute defines "wages" to "include any holiday or vacation payments *due an employee under an oral or written agreement.*"[14] The statute, therefore, requires an employer to make vacation payments only if they are due under an agreement between the employer and the employee. The law does not create an independent employer duty to offer vacation pay to employees, but rather predicates recovery on the existence of a separate contract.

The only agreement providing for vacation pay that Plaintiffs have identified is the CBA between Defendant and the Union. Plaintiffs' Wage Act claim, then, is dependent on the CBA vacation pay provision. This court has already determined in a similar context that a Wage Act claim for vacation pay allegedly due under a collective bargaining agreement is preempted by § 301.[15] Plaintiffs' attempt to distinguish between the "agreement for earning vacation," which Plaintiffs acknowledge derives from the CBA, and the right to actually get paid those wages, which Plaintiffs claim is solely a matter of "state-law right," is to no avail. Under the statute, Plaintiffs would not be entitled to any vacation pay absent the CBA. Because the Wage Act would require a court to determine what vacation pay is due Plaintiffs under the CBA, Plaintiffs' Wage Act claim is in no sense independent of the CBA.

Plaintiffs' assertion that their Wage Act claim requires no more than a passing reference to the CBA also fails. This case is fundamentally different from *Livadas v. Bradshaw,*[16] in which the Supreme Court held that reference to a California wage law did not lead to preemption. There, the parties "stressed that there was no dispute about the amount owed" under the agreement because the only material issue was the number of days the plaintiff's wages had been withheld.[17] Here, the Parties do not agree over the proper rate of vacation pay under the CBA, which necessarily requires interpretation of that agreement. Indeed, Plaintiffs themselves acknowledge that the primary question of

---

10. *Id.* at 405–06, 108 S.Ct. 1877.

11. *Martin v. Shaw's Supermarkets, Inc.,* 105 F.3d 40, 42 (1st Cir.1997) (citing *Livadas v. Bradshaw,* 512 U.S. 107, 122–24, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)).

12. *Flibotte v. Pa. Truck Lines, Inc.,* 131 F.3d 21, 26 (1st Cir.1997).

13. *See United Steelworkers of Am., AFL–CIO–CLC v. Rawson,* 495 U.S. 362, 371, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990).

14. ch. 149, § 148 (emphasis added).

15. *See Caswell v. Ferrara & Sons, Inc.,* No. 01–11993–JLT, 2002 WL 31986854, at *3 (D.Mass. July 30, 2002) (Tauro, J.).

16. 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994).

17. *Id.* at 114, 114 S.Ct. 2068.

law in this case is whether Defendant is required to pay vacation benefits according to the wage rate in effect when the vacation time accrues or when the vacation time is used.[18] Because the amount of vacation pay due under the CBA is the sole legal issue in this dispute, § 301 preempts Plaintiffs' Wage Act claim.

In sum, this court retains jurisdiction over Plaintiffs' state law claim pursuant to the "complete preemption" corollary to the well-pleaded complaint rule because Plaintiffs' state-law claim in essence seeks enforcement of a collective bargaining agreement, a task granted exclusively to the federal courts. Because § 301 preempts Plaintiffs' Wage Act claim, remand is inappropriate, and Plaintiffs' claim is hereby DISMISSED.

IV. *Conclusion*

For the foregoing reasons, Plaintiffs' *Motion to Remand* is DENIED, and Defendant's *Motion to Dismiss* is ALLOWED.

AN ORDER HAS ISSUED.

### *ORDER OF DISMISSAL*

For the reasons set forth in the accompanying memorandum, this court hereby orders the following:

1. Plaintiffs' *Motion to Remand and for Attorney Fees* [# 3] is DENIED.

2. Defendant's *Motion to Dismiss* [# 6] is ALLOWED.

IT IS SO ORDERED.

---

18. *See* Compl. ¶ 27 (identifying the question of which wage rate applies as the common question of law and fact justifying a class action).